**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         CASE NO.: 1:07-CR-021-SPM

LUIS ANTONIO BUJANDA-CALLEJAS

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR A NEW TRIAL**

THIS CAUSE comes for consideration upon Defendant's "Renewed Motion for Judgment of Acquittal" (doc. 107) and "Motion for A New Trial" (doc. 108).  Defendant files his motions pursuant to Federal Criminal Procedure Rules 29 and 33.  Rule 29 states that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Rule 33 states that a district court may grant a new trial "if the interest of justice so requires."  For the reasons set forth below, this Court denies both of Defendant's motions.

On November 16, 2007, a jury found Defendant guilty of 1) conspiracy to distribute and to possess with intent to distribute marijuana; and 2) possession of marijuana with an intent to distribute.  Defendant argues that the evidence offered to convict him was insufficient.  He claims that a critical piece of evidence against him was the testimony regarding recordings of four different telephone conversations. Defendant claims that he was improperly identified as a speaker in these telephone

conversations without any witness testifying that the Defendant's voice was in fact the person on the recording.

**Motion for a New Trial**

In considering a Rule 33 request for a new trial, the basis of which is a claim of insufficient evidence, the Court is not required to view the evidence in favor of the verdict. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). "It may weigh the evidence and consider the credibility of witnesses." Id. However, the court may not set aside a verdict simply because it feels some other result would be more reasonable. Id. at 1312-13. Instead, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. at 1313. Motions for new trials are not favored and courts are to grant such requests "sparingly and with caution," and only in "exceptional" cases. Id.

In this case, when Defendant was apprehended and arrested by the police officers, he had a cellular phone in his possession. Case agent Mike Lynch attributed ownership of this phone to Defendant. The transcript of the recorded phone conversations identifies the speakers by matching the phone number to the name of the person in whose possession the phone was found. The conversations in which Defendant was identified were conversations that involved the phone found in Defendant's possession. This connection is sufficient for a jury to find that Defendant was the participant in these phone conversations.

The evidence being challenged here does not preponderate heavily against the jury finding of Defendant's guilt. The case agent testified that one of the co-defendants told the case agent that he had personally spoken to someone at the

phone number attributed to Defendant about the logistics of delivering the shipment to Defendant. The case agent testified that he monitored this conversation. Defendant's counsel had ample opportunity to question this testimony and to attack the credibility of the case agent. There was also sufficient opportunity for Defendant to question the foundation of the testimony about phone calls and the connection between the calls and the defendants. Furthermore, there was testimony offered that Defendant was observed traveling with a person who received a large amount of marijuana from another co-defendant. Therefore, in weighing the evidence and the credibility of the witnesses that testified in the trial, it would not be a miscarriage of justice to let the guilty verdict stand.

**Motion for Judgment of Acquittal**

With regard to the motion for a Rule 29 judgement of acquittal, the Court must "review the evidence in the light most favorable to the government" and then "conclude that no reasonable jury could find proof beyond a reasonable doubt" that the defendant was guilty. United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990). The central determination is "whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v O'Keefe (11th Cir. 1987) 825 F2d 314 (internal citation omitted).

In this case, the recordings of the phone conversations that took place during telephone calls between phone numbers that were assigned to the phones found in the possession of Defendant and co-defendants were sufficient to connect

3

Defendant to the conspiracy to obtain marijuana.  Phones found in Defendant's possession a short time after calls were monitored by the case agent give rise to a reasonable inference that Defendant was the speaker.  Furthermore, case agent Mike Lynch testified that Defendant was at the scene where the marijuana changed hands and that Defendant was involved in the transport of the drugs.  The case agent also testified that shortly after the co-defendant made a telephone call about his proximity to the drop-off location, Defendant was arrested at that very location.  A reasonable jury could have found Defendant guilty beyond a reasonable doubt of conspiring to distribute marijuana and possession with intent to distribute marijuana.  Therefore, after carefully reviewing the evidence in the light most favorable to the government and drawing all references in favor of the jury's verdict, this court holds that the evidence presented during the course of this trial was sufficient to sustain the conviction of the defendant.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Judgment of Acquittal (doc. 107) is hereby *denied*.

2. Defendant's Motion for a New Trial (doc. 108) is hereby *denied*.

**DONE AND ORDERED** this seventh day of January, 2008.

_s/ Stephan P. Mickle_
Stephan P. Mickle
United States District Judge